PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
JEFF STIVERS

THOMAS G. BEATTY, Esq. (SBN 75794)
LISA R. ROBERTS, Esq. (SBN 141171)
MCNAMARA, DODGE, NEY6, BEATTY
SLATTERY, PFALZER & BORGES LLP
1211 Newell Ave.
Walnut Creek, CA 94596
Tel: (925) 939-5330
Fax: (925) 939-0203

Attorney for Defendant
CITY OF CALISTOGA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF STIVERS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CALISTOGA; and DOES 1-10, Inclusive, <br><br> Defendants. | CASE NO. C06-04650 SBA <br> <u>Civil Rights</u> <br><br> **CONSENT DECREE AND [PROPOSED] ORDER** |

## CONSENT DECREE AND ORDER

1. Plaintiff JEFF STIVERS filed a Complaint in this action on July 31, 2006, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, CITY OF CALISTOGA; and DOES 1-10, Inclusive. Plaintiff has alleged that Defendants violated Title II of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 4450 *et seq.*, of the

California Government Code by failing to provide full and equal access to their facilities at the Calistoga Community Center; the Calistoga City Manager's Office and City Offices; and Kortum Hall, all city facilities located in Calistoga, California.

2. Defendant CITY OF CALISTOGA ("Defendant") denies the allegations in the Complaint and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Government Code §4450 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. C06-4650 SBA** — 2 —

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order in Attachment A.

a) <u>Remedial Measures</u>: The remedial work agreed to by the parties is attached hereto as Attachment A, which is incorporated by reference as if fully set forth herein.

b) <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the appropriate governmental agencies within 45 days of entry of this Consent Decree and Order by the court, will commence work within 45 days of receiving approval from the appropriate agencies, and will complete all work within 45 days of commencement. For work not requiring building permits, the work will be completed within 45 days of entry of this Consent Decree and Order by the court. In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

7. The parties have reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs. Defendant shall transmit, no later than October 1, 2007, a check payable to "Paul L. Rein in Trust for Jeff Stivers" in the amount of $73,000. $30.000 of this amount is allocated in full satisfaction of Plaintiff's claims for damages for personal injury, civil rights violations, and any other form of damages. $43,000 of this amount is allocated in full satisfaction of Plaintiff's claims for attorney fees, litigation expenses, and costs.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Proposed Order:
Case No. C06-4650 SBA — 3 —

**ENTIRE CONSENT ORDER**:

8. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters described therein, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Consent Decree and Order shall be binding on Plaintiff JEFF STIVERS, Defendant, CITY OF CALISTOGA; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. C06-4650 SBA** — 4 —

CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

12. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs earlier. The parties hereby consent to the jurisdiction of a Magistrate Judge to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs earlier.

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. C06-4650 SBA** — 5 —

1  counterparts and a facsimile signature shall have the same force and effect as an original
2  signature.
3
4  Dated: November 14, 2007
5
                                                _____
                                                Plaintiff JEFF STIVERS
6
7  Dated: November ___, 2007
8
                                                _____
                                                Defendant CITY OF CALISTOGA
9
10  APPROVED AS TO FORM:
11
12  Dated: November 14, 2007            PAUL L. REIN
                                        JULIE A. OSTIL
13                                      LAW OFFICES OF PAUL L. REIN

14                                      _Julie Ostil_____
15                                      Attorneys for Plaintiff
                                        JEFF STIVERS
16  Dated: November ___, 2007            THOMAS G. BEATTY
                                        LISA R. ROBERTS
17                                      MCNAMARA, DODGE, NEY, BEATTY,
                                        SLATTERY, PFALZER & BORGES LLP
18
19
                                        _____
20                                      Attorneys for Defendant
                                        CITY OF CALISTOGA
21
22                                      **ORDER**
23       Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.
24
25  Dated: _____
26
                                        _____
27                                      HON. SAUNDRA B. ARMSTRONG
                                        U.S. DISTRICT JUDGE
28

**Consent Decree and Proposed Order:**
**Case No. C06-4650 SBA**         — 6 —              S:\jo\Cases\C\City of Calistoga\pleadings\calistoga consent decree-monetary setlmt-revised final.doc

1  counterparts and a facsimile signature shall have the same force and effect as an original
2  signature.
3
4  Dated: September ___, 2007
5
                                                    _____
                                                    Plaintiff JEFF STIVERS
6
7  Dated: ~~September~~ Nov. 20, 2007

8                                                   _____
                                                    Defendant CITY OF CALISTOGA
9
10 APPROVED AS TO FORM:
11
12 Dated: September ___, 2007                       PAUL L. REIN
                                                    JULIE A. OSTIL
13                                                  LAW OFFICES OF PAUL L. REIN
14
                                                    _____
15                                                  Attorneys for Plaintiff
                                                    JEFF STIVERS
16 Dated: ~~September~~ Nov 27, 2007
                                                    THOMAS G. BEATTY
17                                                  LISA R. ROBERTS
                                                    MCNAMARA, DODGE, NEY, BEATTY,
18                                                  SLATTERY, PFALZER & BORGES LLP
19
                                                    _____
20                                                  Attorneys for Defendant
                                                    CITY OF CALISTOGA
21
22                                    **ORDER**
23     Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.
24
25 Dated: __11/29/07__
26
                                                    _____
27                                                  HON. SAUNDRA B. ARMSTRONG
                                                    U.S. DISTRICT JUDGE
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Proposed Order:**
**Case No. C06-4650 SBA**   — 6 —

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 1 of 7**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief in this action. All corrective work will be performed to the extent possible in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to as more fully explained below. Defendants agree to install and maintain the following accessible features:

### Community Center

1. **Parking**: Defendants will provide two access code-compliant accessible parking spaces. The access code-compliant van-accessible space will be in front and the second space will be on the side between the Community Center and the Police Station. Defendants will install all required signage. The parking spaces will be configured so that it is not necessary to go behind parked cars to get to the curb ramp.

2. **Path of Travel**: Defendants will install a code-compliant path of travel, including compliant curb ramp, from the accessible spaces to the accessible entrance of the building to the extent possible given the existing slope and grade breaks.

3. **Building Entrance**: Defendants will provide one accessible entrance to the Community Center on the Men's restroom side, ensuring a landing to both the Men's restroom and to the Community Center that is as close to level as possible, and as close to compliant size as possible given the existing building constraints. The city will remove the existing threshold at the entrance to the Men's restroom and pour new concrete that will be flared out from the entrance to the Men's restroom and be blended in to the corridor leading to the Community Room entrance to a point that the slope will be as close to 5% as possible. The intersecting Path of Travel will attempt to be maintained at a minimum width of 32", while keeping the slope and cross slope to a minimum. This is an item in which deviations from the code may be necessary, but the City will make every effort to provide a landing as close to code-compliant as possible. Signage directing persons with disabilities to the accessible entrance will be placed at all other building entrances. If the walk-off mats roll up or buckle when traveled over by wheelchairs, walkers, or other mobility

Case 4:06-cv-04650-SBA Document 15 Filed 11/29/2007 Page 9 of 14
Case 4:06-cv-04650-SBA Document 14 Filed 11/29/2007 Page 9 of 14

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 2 of 7**

assistive devices, they will be removed or attached with double-sided tape.

4. **Women's Restroom**: Defendants will provide a code-compliant women's restroom by undertaking the following:

    a. Provide an exterior landing to the restroom which is as close to code-compliant as possible in terms of slope and size given the constraints of the building;
    b. Adjust door pressure to require no more than 8 lbs of pressure to open;
    c. Remove the doorstop;
    d. Provide compliant signage;
    e. Relocate the trash can so that it does not encroach upon the turning circle or the clear floor space for any of the fixtures;
    f. Re-hang any dispensers so that the operable mechanism does not exceed 40";
    g. Provide code-compliant stall hardware and lock;
    h. Modify the flush handle so that it is compliant or replace it with an infrared actuated flush valve;
    i. Move the toilet paper dispenser to be underneath the grab bar;
    j. Ensure that the grab bars are mounted at 33" on center;
    k. Move stall partitions to provide 48" in front of the toilet.

5. **Men's Restroom**: Defendants will provide a code-compliant men's restroom by undertaking the following:

    a. Provide an exterior landing to the restroom which is as close to code-compliant as possible in terms of slope and size given the constraints of the building;
    b. Adjust door pressure to require no more than 8 lbs of pressure to open;
    c. Remove the doorstop;
    d. Provide compliant signage;
    e. Provide compliant sink and faucet with 29" of knee space (may reduce to 27" at a distance 8" back from the front face);

Case 4:06-cv-04650-SBA Document 15  Filed 11/29/2007  Page 10 of 14

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 3 of 7**

    f. Relocate the trash can so that it does not encroach upon the turning circle or the clear floor space for any of the fixtures;
    g. Re-hang any dispensers so that the operable mechanism does not exceed 40";
    h. Provide code-compliant stall hardware and lock;
    i. Modify the flush handle so that it is compliant or replace it with an infrared actuated flush valve;
    j. Move the toilet paper dispenser to be underneath the grab bar;
    k. Ensure that the grab bars are mounted at 33" on center;
    l. Move stall partitions to provide 48" in front of the toilet;
    m. Remount toilet so that it is 18" on center from the permanent wall;
    n. Adjust the urinal partition to provide 36" of clear width.

## City Offices

1. **Parking**: Provide one van accessible space with all required signage in the back employee parking lot which is as access code compliant as possible.

2. **Entrance to City Manager's Office**: Provide lever handled hardware.

3. **Restroom in 2nd Floor City Manager's Office**: Provide lever door hardware, compliant grab bars, and move the first aid kid.

4. **Entrance to City Offices**: Provide a ramp and level landing at the entrance as agreed to per sketch and diagram prepared by the City attached as page 6; provide an electric door opener or lever handled hardware and adjust the push pressure to require no more than 8 lbs of pressure to open the door.

5. **Restroom**: defendants will make the following changes to the restroom in the Planning and Building Department by doing the following:

    a. Provide code compliant signage;
    b. Provide code compliant sink;

Case 4:06-cv-04650-SBA Document 15 Filed 11/29/2007 Page 11 of 14

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
Page 4 of 7

  c. Re-hang dispensers so operable mechanisms do not exceed 40" high;
  d. Remove cabinet to provide 32" of clear space next to the toilet for a side transfer;
  e. Move the flush handle to the "wide side" of the toilet or provide an infrared activated flush valve;
  f. Adjust toilet to 18" on center from the wall;
  g. Provide a toilet seat height between 17" and 19";
  h. Remove stored water and do not use the restroom as storage for water or any other items;
  i. Adjust grab bars to 33" on center in height and ensure that the side grab bar extends 24" past the toilet.

6. **Service Counter**: Provide a lowered area 34" high by 36" long.

7. **Path of Travel**: Ensure 36" aisles leading to the conference room and restroom to the extent possible without altering fixed structures.

8. **Conference Room**: (aka the Planning Director's office) Reverse the swing of the door and provide offset hinges, and provide a compliant table with at least 27" of knee space.

**Kortum Hall** – if Kortum Hall is closed to the public, no action is required. If the hall continues as a public facility, the following actions are required:

1. **Parking**: Defendants will install required signage, restripe parking spaces and access aisles to provide code-compliant spaces, patch the asphalt to ensure a smooth and level surface, and provide a path of travel and accessible ramp into Kortum Hall from the accessible parking according to the drawing prepared by plaintiff's experts and included herein.

2. **Tables**: Provide one compliant table.

3. **Restroom**: Provide one unisex accessible restroom where the current women's room is located, as shown in the drawing prepared by plaintiff's experts and included herewith at page 6, by doing the following:

  a. Provide compliant signage;
  b. Provide lever hardware;

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 5 of 7**

    c. Provide a 32" wide door and compliant strike side clearance;
    d. Remove some sinks to provide required clear space;
    e. Adjust one sink for access clearances and insulation;
    f. Adjust dispensers so that the operable mechanism does not exceed 40" in height;
    g. Reconfigure two toilets into one accessible stall.

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 6 of 7**

Calistoga City Offices Entrance:



Calistoga City Hall Proposed Entrance

August 16, 2007

**Attachment A to Consent Decree and Order**
**Jeff Stivers v. City of Calistoga**
**CASE NO. C06-4650 SBA**
**Page 7 of 7**

Kortum Hall Ramp and Entrance:



Drawing 6

Kortum Hall
Restrooms and Entrances Proposed